IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JIMMY DOYLE BUMGARDNER, JR.**                               **PLAINTIFF**

VS.                            CASE NO. 4:08CV00202 SWW

**CITY OF BENTON, et al.**                                    **DEFENDANTS**

**ORDER**

The plaintiff, Jimmy Doyle Bumgardner, Jr., has requested that the Court appoint counsel on his behalf in this civil rights action brought against the City of Benton, Arkansas, the Benton Police Department, and three Benton Police officers. He previously sought appointment of counsel, which was denied, in part, because the case was in its early stages. Now, the defendants have responded to the complaint, moving for summary judgment. In considering such a motion, we are guided by *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986), where the Eighth Circuit Court of Appeals addressed a *pro se* prison litigant's request for counsel, and indicated that the district court should examine the following factors: (1) whether the complaint has survived a motion to dismiss, indicating that it is not frivolous; (2) the complexity of the case; (3) the plaintiff's ability to investigate the facts; (4) the existence of conflicting testimony; (5) the plaintiff's ability to present his claims; and (6) the complexity of the legal issues. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323. *See also In Re Steven Lane*, 801 F.2d 1040 (8th Cir. 1986).

In this instance, we find the key factor is that the facts at the heart of this case are well

known by the plaintiff and, in general, not disputed. The plaintiff was arrested following a search of his vehicle. He challenged this search, and the trial judge in Saline County ruled the search was constitutional. On appeal, the Arkansas Court of Appeals reversed the trial court's ruling. There is little or no dispute over the circumstances of the search and arrest, only a dispute over how the law applies to those facts. The plaintiff has shown himself capable of presenting the facts to the Court, and appears able in arguing that he is entitled to damages based upon these facts. The relevant factors weigh against the request to appoint counsel, and the motion (docket entry no. 33) is denied.

The plaintiff also requests that the case be held in abeyance until counsel is appointed and/or the time be extended for him to respond to the pending motion for summary judgment. We grant this motion for additional time, and direct that the plaintiff respond to the motion for summary judgment on or before November 24, 2008.

In summary, the motion for appointment of counsel (docket entry no. 33) is denied, and the motion for additional time (docket entry no. 34) is granted.

IT IS SO ORDERED this __22__ day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE